## CHARLES PORTER *versus* LEWIS F. SHERBURNE.

For all the purposes connected with the performance of militia service, minority ceases at the age of eighteen; and therefore a person between the ages of eighteen and twenty-one is liable to the penalty incurred by unnecessarily neglecting to appear at a company training.

The enlistment of one over eighteen and within twenty-one years of age, into a volunteer company in the militia, without the consent of his parent, master, or guardian, is binding upon such infant.

If the soldier does not himself sign the book of enlistment, but gives another person the right to do it for him, by whom it is done, and he afterwards performs duty in the company; the enlistment will be regarded as binding upon him.

Where the record does not show that any question was made, in relation to notice to the commanding officer of the standing company, of the enlitsment of the soldier into a volunteer company, before the justice, or was decided by him; and does not show that there might not have been other facts proved in the case and not inserted in the bill of exceptions; the objection cannot be taken in this Court for the first time.

ERROR to reverse a judgment of a justice of the peace, brought to recover of the plaintiff in error a fine for neglecting to perform militia duty in a company raised at large by enlistment, of which the original plaintiff was clerk. Three objections were made to the right to maintain the action, but they were overruled by the justice, and judgment was rendered in favor of the plaintiff. These three objections were assigned, as causes of error.

*E. Fuller*, argued in support of the errors assigned.

The first was, that since the militia act of 1834, no action can be maintained against a minor. St. 1834, c. 121, § 33, was cited, and relied on.

The second was, that there was no proof, that the defendant ever joined the company.

Porter *v.* Sherburne.

The mere putting down of the name of a minor by another man on the company book, cannot be a legal enlistment. The minor could not make a valid appointment of another to act for him.

The third was, that the joining of an independent company, was a contract, which, if made with the usual formalities, was not binding on a minor.

It was also urged on the argument, although not made as an objection before the justice, or assigned as a cause of error, that there was no evidence found in the bill of exceptions, that the commanding officer of the standing company to which the original defendant belonged was notified of the enlistment.

*Morrill,* for the original plaintiff.

The law imposes upon the minor the obligation to perform militia duty, and if he enlist into a volunteer company, the law will hold him to perform that service there.   *Comm.* v. *Frost,* 13 Mass. R. 491.

The case finds that the name of the plaintiff in error was on the book of enlistment; that he authorized the attesting witness to put it there; and that he afterwards knew it, and assented to it, and met with the company several times.

It has always been holden in Massachusetts, that a minor may be sued for neglect to perform the militia duty required by law. The reasoning is equally applicable here.   *Winslow* v. *Anderson,* 4 Mass. R. 376; *Dyer* v. *Richardson,* 12 Mass. R. 271.

If the case does not find that notice of the enlistment was given to the commanding officer of any other company, it is also true that the case does not show that he ever belonged to any company, but that in which he enlisted.

The opinion of the Court was drawn up by

Shepley J. — The first error assigned is, that an action cannot be maintained against a minor for neglect of duty in the militia. And the third error assigned is, that the enlistment into a company raised at large, was a contract which the minor was incompetent to make, and that he might avoid it at pleas-

ure. Both these points have been decided. *Dewey, pet'r*, 11 Pick. 265 ; *Stevens* v. *Foss*, 6 Shepl. 19.

The second error assigned is, that there was no proof that the plaintiff in error ever enlisted into the company. When testimony is legally admitted, it is the duty of the magistrate to judge whether the fact be proved or not, and there is no appeal by writ of error from his decision on the fact, unless some question of law is involved in such decision. In this case, however, it appears from the record, that, although he did not sign the book of enlistment, he gave another person authority to do it for him ; and that he met with and performed duty in the company two or three times ; and this might be regarded as a full confirmation of the enlistment.

It is now objected in argument, that there was no proof of notice of the enlistment, given in writing, to the commanding officer of the standing company, as the statute requires. The record does not show, that any such question was made before the magistrate, or was decided by him ; nor does it show, that there might not have been other facts proved in the case, which were not stated in the bill of exceptions. This objection cannot therefore be taken for the first time in this Court.

*Judgment affirmed.*